# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

MADINAH ANTHONY-EL,

     **Plaintiff,**

v.

BEXAR COUNTY JUDGE JASON WOLFF,
UNITED STATES MAGISTRATE JUDGE
JOHN W. PRIMOMO, ET AL.,

     **Defendants.**

CIVIL NO. SA-15-CA-949-RP

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:**   **Honorable Robert Pitman**
      **United States District Judge**

Pursuant to the informal referral in the above-styled and numbered cause of action of plaintiff's motion for leave to proceed *in forma pauperis* (at times, "IFP") to the undersigned United States Magistrate Judge and consistent with the authority vested in United States Magistrate Judges under the provisions of 28 U.S.C. § 636(b) and rule 1of the Local Rules for the Assignment of Duties to United States Magistrate Judges in the Western District of Texas, the following report is submitted for your review and consideration.

### I.  JURISDICTION

Plaintiff's allegations of federal subject matter jurisdiction are not clear, but plaintiff's proposed complaint appears to assert federal question subject matter jurisdiction against each defendant.[1]

---

[1] See docket no. 1, attached proposed complaint ("complaint" or "proposed complaint") at 2.

## II. PROCEDURAL HISTORY and BACKGROUND

On October 30, 2015, plaintiff filed a motion for leave to proceed *in forma pauperis* on a

proposed civil complaint that names ten or eleven proposed defendants,[2] and appears to allege a

claim under 28 U.S.C. section 1983,[3] a claim under 18 U.S.C. section 241, and a claim under 18

U.S.C. section 242, each relating to plaintiff's eviction from his apartment. Each of the proposed

defendants apparently had something to do with plaintiff's state court hearing and then eviction;

it is unclear why Magistrate Judge Primomo is named as a defendant, but a CM/ECF search of

prior filings involving plaintiff shows that on September 29, 2015, Magistrate Judge Primomo

entered recommended that plaintiff's case filed in SA-15-CA-764-FB be dismissed and, on

October 29, 2015, Chief Judge Biery adopted the report and recommendation and dismissed the

case. On October 30, 2015, plaintiff filed a motion to reconsider Chief Judge Biery's ruling in

SA-15-CA-764-FB, and initiated this case.

Magistrate Judge Primomo's report filed in SA-15-CA-764-FB, sets out the background

to the case, a background that appears to apply to this case as well:

> Omninet d/b/a Park at Ventana sued to evict Madinah Anthony-El and
> filed a Notice of Eviction in Justice of the Peace Court No. 3, in Bexar County,
> Texas, Precinct 2 on September 11, 2014. A judgment in favor of Omninet was
> entered on October 2, 2014, and Madinah Anthony-El appealed the eviction to
> County Court on October 29, 2014. Park at Ventana vs. Madinah Goodwin
> Anthony, 2014-CV-03554 (Co. Ct. at Law No. 3, Bexar County, Tex. Oct. 29,
> 2014). On February 17, 2015, Omninet d/b/a Park at Ventana filed a second suit
> to evict Madinah Anthony-El in Justice of the Peace Court No. 3, in Bexar
> County, Texas, Precinct 2. A second judgment in favor of Omninet was entered

---

[2] The caption of the proposed complaint seems to list ten defendants, but the list of "parties" on page 3 of the proposed complaint lists eleven defendants.

[3] See proposed original complaint at 3 ("The factual patterns below . . . give[] rise to a successful claim under the federal civil rights law under Title 42 U. S. Code § 1983 . . . ").

on May 21, 2015, and on June 12, 2015, Madinah Anthony-El again appealed the eviction to County Court. Omninet et al. vs. Madinah Goodwin Anthony, 2015-CV-03536 (Co. Ct. at Law No. 10, Bexar County, Tex. June 12, 2015).

On September 3, 2015, Madinah Anthony-El then filed an Application to Proceed IFP in this Court, along with a proposed Notice of Removal, seeking to remove Cause Nos. 2014-CV-3554 and 2015-CV-3536, currently pending in County Court Nos. 3 and 10, based on diversity and federal question jurisdiction. (Docket no. 1). By order dated September 3, 2015, Anthony-El's application to proceed IFP was referred to the undersigned. Before addressing Anthony-El's application, the Court considers *sua sponte* whether it has subject matter jurisdiction over this case. Fed.R.Civ.P. 12(h)(3)(providing that "[i]f the court determines at any time that it lacks subject-matter jurisdiction the court must dismiss the action.").

### III.  ISSUE

Whether plaintiff should be denied leave to proceed *in forma pauperis* and should

plaintiff's claims be dismissed pursuant to 28 U.S.C. § 1915(e) because plaintiff has failed to

allege a non-frivolous federal claim for relief?

### IV.  STANDARDS

**A.     IFP**

The federal *in forma pauperis* statute, 28 U.S.C. § 1915, is designed to ensure that

indigent litigants have meaningful access to the federal courts.[4]  But, the Courts have an

obligation to insure pauper status is not granted to plaintiffs who are not eligible to so proceed.

To that end, a Court must inquire into the particular financial circumstances of any given plaintiff

who seeks pauper status:

> In order to preclude fraudulent or careless motions of poverty, the applicant moving for *in forma pauperis* status should state "with some particularity, definiteness and certainty" the facts as to his poverty. Further, when the totality of the circumstances involved are weighed against the applicant's statement of poverty, and the result suggests incongruity,

---

[4]  Neitzke v. Williams, 490 U.S. 319, 324, 109 S.Ct. 1827, 1831 (1989).

the Court may go beyond the mere statement of income and inquire into additional relevant matters including the applicant's earning capacity and ability.[5]

Even outside of the pauper context, a District Court has the inherent authority to dispose of frivolous cases.[6]  In other words, even if plaintiff is considered to have provided sufficient information about his finances to justify the entry of an Order allowing him to proceed in this proposed action as a pauper, should the Court conclude plaintiff's proposed federal complaint and claims are frivolous, then plaintiff's complaint should be dismissed and/or plaintiff should not be permitted to proceed on his proposed complaint.

Assuming that plaintiff does meet the financial prerequisites to proceed *in forma pauperis*, plaintiff must also establish he has raised a non-frivolous issue.  The applicable standard is found in 28 U.S.C. § 1915(e)(2):

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
> (A)     the allegation of poverty is untrue; or
> (B)     the action or appeal –
> >   (i)     is frivolous or malicious;
> >   (ii)    fails to state a claim on which relief may be granted; or
> >   (iii)   seeks monetary relief against a defendant who is immune from such relief.

Section 1915(e) accords courts not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the power to pierce the veil of plaintiff's allegations and dismiss

---

[5]  Dreyer v. Jalet, 349 F.Supp. 452, 459 (S.D. Tex. 1972) (citations omitted).

[6]  In Brinson v. McKeeman, 992 F. Supp. 897, 905 (W.D. Tex. 1997), this Court discussed frivolity as follows:
> if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.

those claims whose factual contentions are clearly baseless.[7]  In an action filed *in forma pauperis*, a court may raise *sua sponte* the issue of whether an action is malicious or frivolous under § 1915(e).[8]  Dismissal of a claim as frivolous under § 1915(e) is permissible when the claim lacks an arguable basis either in law or in fact.[9]  A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.[10]  A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless.[11]  Typical examples of claims which can be dismissed pursuant to § 1915(e), or its predecessor, § 1915(d), include: (1) claims against which it is clear that the defendants are immune from suit,[12] (2) claims of infringement of a legal interest that clearly does

---

[7]  See Denton v. Hernandez, 504 U.S. 25, 31-32, 112 S.Ct. 1728, 1733 (1992); Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833.  The Prison Litigation Reform Act of 1996, effective April 26, 1996, moved the relevant statutory provision addressing dismissal for frivolousness from former subsection (d) of § 1915 to new subsection (e)(2)(B) and expanded the scope of that statute to expressly authorize dismissals of lawsuits as frivolous regardless of whether a filing fee or any portion thereof had been paid.  See Jackson v. Stinnett, 102 F.3d 132, 136-37 (5th Cir. 1996).  If the Court has the authority to dismiss a non-prisoner case as frivolous once it has been filed, then the Court has the inherent authority in a non-prisoner case to deny leave to proceed in forma pauperis to preclude the filing of a frivolous complaint or claim.

[8]  See Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833; see also Green v. McKaskle, 788 F.2d 116, 119-20 (5th Cir. 1986) ("A district court may dismiss an IFP proceeding brought by a prisoner for frivolity or maliciousness at any time before or after service of process and before or after the defendant's answer.").

[9]  See Neitzke, 490 U.S. at 325, 109 S.Ct. at 1831; Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998); Gonzales v. Wyatt, 157 F.3d 1016, 1019 (5th Cir. 1998); Davis v. Scott, 157 F.3d 1003, 1005 (5th Cir. 1998); McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1997).

[10]  See Talib v. Gilley, 138 F.3d 211, 213 (5th Cir. 1998).

[11]  See Denton, 504 U.S. at 32-33, 112 S.Ct. at 1733-34.

[12]  See Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833; see also Krueger v. Reimer, 66 F.3d 75, 76-77 (5th Cir. 1995); Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994) (both upholding

not exist,[13] and (3) claims which are barred by limitations.[14]

In reviewing a complaint under § 1915(e), a court is <u>not</u> bound to accept without question the truth of the plaintiff's allegations.[15] A court may dismiss a claim as factually frivolous only if the facts alleged are clearly baseless, fanciful, fantastic, delusional, or otherwise rise to the level of the irrational or the wholly incredible, regardless of whether there are judicially noticeable facts available to contradict them.[16] A district court may dismiss an <u>in forma pauperis</u> proceeding as frivolous under 28 U.S.C. § 1915(e) whenever it appears that the claim has no arguable basis in law or fact.[17] In an action proceeding under § 1915(e), a federal court may consider, *sua sponte*, affirmative defenses that are apparent from the record even when they have not been addressed or raised in the pleadings on file.[18] Although <u>pro se</u> pleadings must be construed

the dismissal as frivolous of civil rights lawsuits on the grounds that the defendants were entitled to absolute judicial and prosecutorial immunity).

[13] See <u>Neitzke</u>, 490 U.S. at 327, 109 S.Ct. at 1833.

[14] See <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994); <u>Gartrell v. Gaylor</u>, 981 F.2d 254, 259 (5th Cir. 1993); <u>Henson-El v. Rogers</u>, 923 F.2d 51, 53 (5th Cir.), <u>cert. denied</u>, 501 U.S. 1235, 111 S.Ct. 2863 (1991).

[15] <u>Denton</u>, 504 U.S. at 32, 112 S.Ct. at 1733; <u>Ancar v. Sara Plasma, Inc.</u>, 964 F.2d 465, 468 (5th Cir. 1993).

[16] <u>Denton</u>, 504 U.S. at 32-33, 112 S.Ct at 1733; <u>Gartrell</u>, 981 F.2d at 259.

[17] <u>Henson-El</u>, 923 F.2d at 53; <u>see</u> <u>also</u> <u>McCormick</u>, 105 F.3d at 1061 (dismissing as frivolous a prisoner's complaint that he was forced to undergo medical treatment for tuberculosis while incarcerated); <u>Thompson v. Patteson</u>, 985 F.2d 202, 205 (5th Cir. 1993); <u>Gartrell</u>, 981 F.2d at 259; <u>Henthorn v. Swinson</u>, 955 F.2d 351, 352 (5th Cir. 1993).

[18] See <u>Schultea</u>, 47 F.3d at 1434 (recognizing the authority of the district court to dismiss an action pursuant to § 1915(d) based on the doctrine of qualified immunity); <u>Gartrell</u>, 981 F.2d at 259; <u>Ali v. Higgs</u>, 892 F.2d 438, 440 (5th Cir. 1990); <u>Burrell v. Newsome</u>, 883 F.2d 416, 418 (5th Cir. 1989).

liberally,[19] significantly, the court is authorized to test the complaint for frivolousness or maliciousness even before service of process or before the filing of an answer.[20]

A case is not frivolous simply because it fails to state a claim.[21] But, if the claim has no arguable basis in law or fact, the complaint can be dismissed under § 1915(e).[22] "A complaint is legally frivolous if it is premised on an 'undisputably meritless legal theory.'"[23] An *in forma pauperis* complaint that recites bare legal conclusions, with no suggestion of supporting facts, or that postulates facts of an entirely fanciful nature, is a prime candidate for dismissal under § 1915(e).[24] Furthermore, when it is clear from the face of the complaint that the claims asserted are subject to an obvious meritorious defense, such as a peremptory time bar, dismissal with prejudice is appropriate.[25] A decision to dismiss a complaint based on frivolity is reviewed for abuse of discretion.[26]

----

[19]  Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 596 (1972).

[20]  Id.;see also Green, 788 F.2d at 1116.

[21]  Neitzke, 490 U.S. at 331, 109 S.Ct. at 1834; Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1997); Gartrell, 981 F.2d at 259; Ancar, 964 F.2d at 468.

[22]  See Gartrell, 981 F.2d at 259; Parker, 978 F.2d at 191 n.1; Mayfield v. Collins, 918 F.2d 560, 561 (5th Cir. 1990).

[23]  Boyd, 31 F.3d at 281-82 (quoting Neitzke, 490 U.S. at 327, 109 S.Ct. at 1833).

[24]  See Ancar, 964 F.2d at 468 (suggesting complaints that are clearly baseless include those which describe fanciful, fantastic, or delusional scenarios); Wesson v. Oglesby, 910 F.2d 278, 281 (5th Cir. 1990); see also Gartrell, 981 F.2d at 259.

[25] See Graves v. Hampton, 1 F.3d 315, 319-20 (5th Cir. 1993).

[26]  Denton, 504 U.S. at 33-34, 112 S.Ct. at 1728; Davis, 157 F.3d 1005; see Harper v. Showers, 174 F.3d 716, 718 n.3 (5th Cir. 1999) (dismissals for frivolity pursuant to § 1915 (e)(2)(B)(I) are reviewed for abuse of discretion and dismissals for failure to state a claim upon which relief may be granted pursuant to § 1915 (e)(2)(B)(ii) are reviewed de novo).

**B.      FED. R. CIV. P. 12(b)(6)**

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a plaintiff must state a

claim upon which relief can be granted or the complaint may be dismissed with prejudice as a

matter of law.[27]   When considering a motion to dismiss for failure to state a claim, the "court

accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff.'"[28]   To withstand a Rule 12(b)(6) motion, "the plaintiff must plead 'enough facts to

state a claim to relief that is plausible on its face.'"[29]

Rule 8(a)(2) of the Federal Rules of Civil Procedure sets out the fundamental pleading

---

[27]   FED. R. CIV. P. 12(b)(6).

[28]   In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin
K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004); Jones v.
Greninger, 188 F.3d 322, 324 (5th Cir. 1999); Chehardy v. Allstate Indem. Co., 552 U.S. 1182,
128 S. Ct. 1231 (2008)), cert. denied sub nom, Xavier Univ. of La. v. Travelers Cas. Prop. Co. of
Am, 552 U.S. 1182, 128 S. Ct. 1230 and Chehardy v. Allstate Idem. Co., 552 U.S. 1182, 128 S.
Ct. 1231 (2008).
        In Katrina Canal Breaches, 495 F.3d at 205 n.10, the United States Court of Appeals for
the Fifth Circuit acknowledged the United States Supreme Court's abrogation of the "no set of
facts" standard for determining the adequacy of a pleading in Bell Atlantic Corp. v. Twombly, a
Sherman Act case:
        We have often stated that a claim should not be dismissed under Rule 12(b)(6)
        unless the plaintiff would not be entitled to relief under any set of facts or any
        possible theory he may prove consistent with the allegations in the complaint.
        See, e.g., Martin K. Eby Constr., 369 F.3d at 467 (quoting Jones, 188 F.3d at
        324).  This standard derived from Conley v. Gibson, which stated that "a
        complaint should not be dismissed for failure to state a claim unless it appears
        beyond doubt that the plaintiff can prove no set of facts in support of his claim
        which would entitle him to relief." 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L.Ed.2d 80
        (1957).  But recently in Bell Atlantic, the Supreme Court made clear that the
        Conley rule is not "the minimum standard of adequate pleading to govern a
        complaint's survival."  127 S.Ct. at 1968-69.

[29]   Id. at 205 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570-72, 127 S. Ct. 1955,
1974 (2007)).

standard for civil litigation and governs all claims in a civil suit, requiring "a short plain

statement of the claim showing that the pleader is entitled to relief."[30]  Although "heightened fact

pleading of specifics"[31] may not be adopted when not authorized by the Federal Rules of Civil

Procedure,[32] the complaint taken as a whole "must contain either direct or inferential allegations

respecting all the material elements necessary to sustain recovery under some viable legal

theory"[33] and a plaintiff's pleading obligation includes the twin requirements of fact-based

pleading and plausibility.  More specifically, "a plaintiff's obligation to provide the 'grounds' of

his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation

of the elements of a cause  of action will not do."[34]  "Factual allegations must be enough to raise

a right to relief above the speculative level . . . on the assumption that all of the allegations in the

complaint are true (even if doubtful in fact)."[35]  Although the Supreme Court in Twombly

stressed that it did not impose a probability standard at the pleading stage, nevertheless, the

---

[30]  FED. R. CIV. P. 8(a)(2).

[31]  Twombly, 550 U.S. at 570, 127 S.Ct. at 1974.

[32]  See, e.g., Fed. R. Civ. P. 9(b) (allegations of fraud or mistake to be stated with
particularity); Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 508, 122 S. Ct. 992 (2002) ("[A]
complaint in an employment discrimination lawsuit [need] not contain specific facts establishing
a *prima facie* case of discrimination under the framework set forth in McDonnell Douglas Corp.
v. Green, 411 U.S. 792 [, 93 S. Ct. 1817, 36 L.Ed.2d 668] (1973).").

[33]  Twombly, 550 U.S. at 562, 127 S. Ct. at 1969 (quoting Car Carriers, Inc. v. Ford
Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984) (internal quotation marks omitted; emphasis and
omission in original)).

[34]  Twombly, 550 U.S. at 555, 127 S. Ct. at 1964-65 (citing Papasan v. Allain, 478 U.S.
265, 286, 106 S.Ct. 2932, 2944 (2007)).

[35]  Id. at 555, 127 S. Ct. at 1965 (as quoted in Katrina Canal Breaches, 495 F.3d at 205).

allegation of a mere possibility of relief does not satisfy the threshold requirement of Rule 8(a)(2)

that the "plain statement" of a claim include factual "allegations plausibly suggesting (not merely

consistent with)" an entitlement to relief.[36]

When ruling on a motion to dismiss under Rule 12(b)(6), a court must accept as true all

of the factual allegations contained in the complaint.[37]  But, a court need not accept as true

"conclusory allegations, unwarranted factual inferences, or legal conclusions," which will not

defeat a Rule 12(b)(6) motion to dismiss.[38]  In Iqbal, the Court formalized a two-pronged

approach to apply the underlying jurisprudential principles of Twombly.[39]  The first prong

required the Court to separate factual allegations from legal conclusions.  The Court dismissed

those allegations deemed to be "conclusory" on the basis that bare legal conclusions are not

entitled to the privilege that all well-pleaded facts be taken as true at the motion to dismiss

stage.[40]  The second prong then applied the plausibility test to the remaining allegations.[41]  That

---

[36]  Id. at 557, 127 S.Ct. at 1966.  See also Ashcroft v. Iqbal, 556 U.S. 662, 684, 129 S.Ct. 1937, 1953 (2009) (rejecting the argument that the Twombly plausibility pleading standard applied only in antitrust cases and expressly holding the standard applies "all civil actions.").

[37]  550 U.S. at 555, 127 S.Ct. at 1965 (citing Swierkiewicz, 534 U.S. at 508 n.1, 122 S. Ct. at 996 n.1; Neitzke v. Williams, 490 U.S. 319, 326-37, 109 S.Ct. 1827, 1832 (1989); Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686 (1974)).

[38]  Plotkin v. IP Axess, Inc., 407 F.3d 690, 696 (5th Cir. 2005) (citing Southland Sec. Corp. v. INSpire Ins. Solutions, Inc., 365 F.3d 353, 361 (5th Cir. 2004)).

[39]  Twombly, 556 U.S. at 677-79, 129 S.Ct. at 1949-50.

[40]  Id. Iqbal illustrated its analysis of the first prong as follows:
We begin our analysis by identifying the allegations in the complaint that are not entitled to the assumption of truth.  Respondent pleads that petitioners "knew of, condoned, and willfully and maliciously agreed to subject [him]" to harsh conditions of confinement "as a matter of policy, solely on account of [his] religion, race, and/or national origin and for no legitimate penological interest."

10

two-pronged approach is now the standard for evaluating the plausibility of a complaint under

Rule 8(a)(2).

## C.     Section 1983

Section 1983 does not create any substantive rights, but instead provides a remedy for

violations of federal statutory and constitutional rights.[42]  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or
> usage, of any State or Territory or the District of Columbia, subjects, or causes to
> be subjected, any citizen of the United States or other person within the
> jurisdiction thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party injured in an
> action at law, suit in equity, or other proper proceeding for redress.

---

> Complaint ¶ 96, App. to Pet. for Cert. 173a-174a. The complaint alleges that
> Ashcroft was the "principal architect" of this invidious policy, id., ¶ 10, at 157a,
> and that Mueller was "instrumental" in adopting and executing it, id., ¶ 11, at
> 157a.  These bare assertions, much like the pleading of conspiracy in Twombly,
> amount to nothing more than a "formulaic recitation of the elements" of a
> constitutional discrimination claim, 550 U.S., at 555, 127 S.Ct. 1955, namely, that
> petitioners adopted a policy " 'because of,' not merely 'in spite of,' its adverse
> effects upon an identifiable group." Feeney, 442 U.S., at 279, 99 S.Ct. 2282.  As
> such, the allegations are conclusory and not entitled to be assumed true. Twombly,
> *supra*, 550 U.S., at 554-555, 127 S.Ct. 1955.  To be clear, we do not reject these
> bald allegations on the ground that they are unrealistic or nonsensical.  We do not
> so characterize them any more than the Court in Twombly rejected the plaintiffs'
> express allegation of a " 'contract, combination or conspiracy to prevent
> competitive entry,' " id., at 551, 127 S.Ct. 1955, because it thought that claim too
> chimerical to be maintained.  It is the conclusory nature of respondent's
> allegations, rather than their extravagantly fanciful nature, that disentitles them to
> the presumption of truth.

Id. at 680-81, 129 S. Ct. at 1951.

[41]  Id. (explaining that although the Court must "take all of the factual allegations in the
complaint as true," it is "not bound to accept as true a legal conclusion couched as a factual
allegation" (internal quotation marks omitted)).

[42]  LaFleur v. Texas Dep't of Health, 126 F.3d 758, 759 (5th Cir. 1997); Jackson v. City
of Atlanta, Tex., 73 F.3d 60, 63 (5th Cir.), cert. denied, 519 U.S. 818, 117 S.Ct. 70 (1996).

To state a cause of action under § 1983, a plaintiff's claim for relief must allege facts establishing that: (1) plaintiff has been deprived of a right secured by the Constitution or laws of the United States; and (2) defendant acted under color of state law.[43] The Fifth Circuit has held that, "section 1983 imposes liability for violations of rights secured by the Constitution, not violations of duties of care arising out of tort law."[44]

## V. DISCUSSION

Assuming plaintiff is financially qualified to proceed IFP, the Court cannot conclude plaintiff's motion can be granted on the ground that plaintiff has not alleged a non-frivolous claim in this Court. As a general matter, plaintiff's assertions of claims against the identified defendants are conclusory. Plaintiff has not provided a particularized statement of facts to show why each defendant has violated his constitutional rights in a manner that is actionable under section 1983.

Plaintiff's claims against Magistrate Judge Primomo appear to be based on his actions in a federal case and, thus, appear to be barred by judicial immunity.[45] "It is well settled that a judge has absolute immunity for damages for judicial acts performed within his/her jurisdiction."[46] Thus, it appears the Court does not have subject matter jurisdiction over any of

---

[43] Randolph v. Cervantes, 130 F.3d 727, 730 (5th Cir. 1997), cert. denied, 525 U.S. 822, 119 S.Ct. 65 (1998); Fyfe v. Curlee, 902 F.2d 401, 403 (5th Cir. 1990); Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989).

[44] Lynch v. Cannatella, 810 F.2d 1363, 1375 (5th Cir. 1987).

[45] Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005).

[46] Daniels v. Stovall, 660 F.Supp. 301, 302 (S.D. Tex. 1987) (citing Hale v. Harney, 786 F.2d 688, 690 (5th Cir. 1986) (further citation omitted)).

plaintiff's arguable claims asserted against Judge Primomo in plaintiff's proposed original complaint and those claims should be dismissed with prejudice based on judicial immunity. Similarly, based on plaintiff's allegations, plaintiff is suing Jason Wolff and Jeffrey Wentworth because of conduct as a judge/justice of the peace involved in proceedings relating to plaintiff's eviction. Plaintiff has not alleged facts to show that Jason Wolff or Jeffrey Wentworth would not have judicial immunity for judicial conduct during an eviction hearing. In the alternative, if plaintiff's claims against Judge Primomo, Jason Wolff, and Jeffrey Wentworth were not dismissed based on judicial immunity, they should be dismissed for failure to state a claim for relief on the ground that plaintiff has not provided a particularized statement of facts to show why each has violated specific federal constitutional rights.[47]

Further, "the Supreme Court has held that witnesses, like judges and prosecutors, are shielded by absolute immunity from liability under 42 U.S.C. § 1983 arising from their participation in judicial proceedings."[48] To the extent plaintiff's claims of constitutional violations against any defendant is based on that defendant's participation in state court hearings, plaintiff's claims against them appear to be barred by the doctrine of immunity and should be dismissed with prejudice on that ground.

---

[47] Plaintiff's proposed complaint makes few references to federal constitutional rights. Plaintiff does allege it "is not due process of law" when Judge Jason Wolff "denied any Removal to Federal Court, claiming he has jurisdiction of all eviction matters that are in his court." Proposed complaint at 5 (emphasis removed). Plaintiff also lists the "First, Fourth, Fifth, Seventh, and Fourteenth Amendments," id. at 2, but does not provide a factual statement to show why the actions of defendants relating to plaintiff's eviction violated any of those constitutional provisions.

[48] Dale v. Miller, No. 4:13-CV-837-A, 2015 WL 704708, at *2 (N.D.Tex. Feb. 18, 2015) (citing Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108 (1983)).

Moreover, to maintain a § 1983 action against a private citizen for conspiracy to violate civil rights, plaintiff must "allege, and offer specific facts in support of, an agreement between . . . private and public defendants to commit an illegal act that deprived the plaintiff of his constitutional rights."[49] Plaintiff does allege he is asserting defendants conspired against him, but cites to two criminal provisions, 18 U.S.C. §§ 241, 242, but provides no allegation or authority to show plaintiff can prosecute an alleged crime or there is an implied civil remedy under the provisions.

Plaintiff cites other provisions of federal law, but does not provide information sufficient to conclude plaintiff has an actionable claim under the provisions. For example, plaintiff cites sections 1985 and 1986 in Title 42, United States Code,[50] but has not provided a particularized statement of facts to show he has cognizable claim against any defendant under either provision. Section 1985 relates to equal protection of the laws and obstruction of justice and has been used primarily in the area of racially motivated denial of equal protection under the law,[51] and section 1986, by its terms, relates to section 1985. Plaintiff's allegations are entirely insufficient to show he has stated a claim and his section 1985 and 1986 claims should be dismissed for failure to state a claim for relief.

---

[49] Manjarrez v. Bureau of Prisons, Warden, No. PE:10-CV-00016-RAJ, 2011 WL 7323653, at *5 (W.D.Tex. Aug. 5, 2011).

[50] Proposed complaint at 2.

[51] See Griffen v. Breckenridge, 403 U.S. 88, 88, 91 S.Ct. 1790, 1790 (1971).

## VI. ORDER and RECOMMENDATION

The Court seeks to liberally construed plaintiff's <u>pro se</u> submissions, but, following a complete review of plaintiff's submissions, even if not summarized in this report, the Court cannot conclude that, even if plaintiff is financially qualified to proceed as a pauper, plaintiff has alleged a non-frivolous, non-malicious cause of action against any proposed defendant. Each of plaintiff's proposed claims against all defendants appears to relate to plaintiff's dissatisfaction with the results of state court proceedings concerning his eviction. This Court is not the state court to which plaintiff could, or could have, appealed adverse rulings entered by state judge and does not review state court proceedings as an appellate court. Based on the foregoing, it is **recommended** that plaintiff's motion for leave to proceed *in forma pauperis*[52] be **DENIED** and the claims asserted in plaintiff's proposed original complaint[53] be **DISMISSED**. Further, it is **ordered** that the motion, the limited matter informally referred to the undersigned, is returned to the District Judge.

## VII. INSTRUCTIONS FOR SERVICE AND NOTICE
## OF RIGHT TO OBJECT/APPEAL

The United States District Clerk shall serve a copy of this Report and Recommendation on all parties by either: (1) electronic transmittal to all parties represented by an attorney registered as a Filing User with the Clerk of Court pursuant to the Court's Procedural Rules for Electronic Filing in Civil and Criminal Cases; or (2) by certified mail, return receipt requested, to any party not represented by an attorney registered as a Filing User.

---

[52] Docket no. 1.

[53] Docket no. 1-1.

As provided in 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b), any party who desires to object to this Report must **file** with the District Clerk and **serve** on all parties and the Magistrate Judge written Objections to the Report and Recommendation within **14 days** after being served with a copy, unless this time period is modified by the District Court. A party filing Objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.

A party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report will bar the party from receiving a <u>de novo</u> determination by the District Court.[54] Additionally, a party's failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Report will bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[55]

**ORDERED, SIGNED** and **ENTERED** this 3rd day of November, 2015.

_____
**PAMELA A. MATHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[54] <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 150, 106 S.Ct. 466, 472 (1985).

[55] <u>Acuna v. Brown & Root Inc.</u>, 200 F.3d 335, 340 (5th Cir. 2000); <u>Douglass v. United Serv. Auto. Ass'n.</u>, 79 F.3d 1415, 1428 (5th Cir.1996).